UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FIBERCO, INC., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Civil Action No. 3:22-CV-00525 |
| ACADIA INSURANCE COMPANY § | |
| and UNION STANDARD LLOYDS § | |
| d/b/a UNION STANDARD § | |
| INSURANCE GROUP § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Fiberco, Inc.'s (Fiberco) Motion to Remand. [Doc. No. 11]. The Court **DENIES IN PART** the motion and **ORDERS** the parties to submit a joint report detailing what, if any, limited discovery they need to sufficiently brief the Court on Union Standard Lloyds' (Lloyds) role in underwriting the insurance policy to which Fiberco and Acadia Insurance Company (Acadia) are parties. The parties must file that joint report by Friday, December 9, 2022.

### I.  Factual Background

On April 28, 2020, a hailstorm descended upon DFW and damaged the roof of Fiberco's warehouse located at 1300 Eden Drive, Fort Worth, Texas. Fiberco, the owner of the property and a Texas resident, and Acadia, the insurer and an Iowa resident, are parties to an insurance contract for the property. Fiberco alleges that Lloyds, a Texas resident, underwrote the insurance contract. On December 20, 2021,

Fiberco sued defendants Acadia and Lloyds in Texas state court, alleging claims for breach of contract and violations of the Texas Insurance Code.

Acadia timely removed this case under 28 U.S.C. § 1441 based on diversity jurisdiction, arguing that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the Plaintiff is seeking over $1,000,000 in monetary relief and the co-defendant Lloyds is an improper party to this lawsuit. Acadia argues that Lloyds is not a party to the insurance contract and did not underwrite the contract. Therefore, Acadia maintains that the Court should dismiss Lloyds and find the removal was proper because Lloyds has no contractual privity to the contract in dispute.

In response, Fiberco moved to remand, arguing that procedural and subject-matter jurisdiction defects pervade Acadia's notice of removal. Fiberco's motion for remand is ripe for this Court's review.

## II. Legal Standard

### a. Removal and Procedural Defects

Defendants removing a civil action to federal court must attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."[1] The Local Rules further require that the removing party provide the clerk with "each document in state court, except discovery material."[2] However, failure to

---

[1] 28 U.S.C. § 1446(a).

[2] N.D. TEX. CIV. R. 81.1(a)(4)(c).

attach all the required documents is a "procedural defect."[3] Procedural defects in removal "are not jurisdictional and do not require remand."[4] Supplementing the record with the omitted documents is an appropriate cure for a procedural defect.[5]

### b. Removal and Improper Joinder

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[6] State-law suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which the action is brought."[7] Removal statutes "are to be construed strictly against removal and for remand."[8]

The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[9] The second option is called "fraudulent joinder."[10] Fraudulent joinder hinges on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an

---

[3] *Flores v. Baldwin*, No. 3:01-CV-2873-P, 2002 U.S. Dist. LEXIS 9539, at *13 (N.D. Tex. May 28, 2002).

[4] *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 308 (5th Cir 2018).

[5] *See Mohler v. Geico Gen. Ins. Co.*, No. 19-864-BAJ-RLB, 2020 U.S. Dist. LEXIS 86472, at *12 (M.D. La. Apr. 16, 2020).

[6] 28 U.S.C. § 1441(a).

[7] 28 U.S.C. § 1441(b) (emphasis added).

[8] *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040 (5th Cir. 2021).

[9] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004).

[10] *See id.*

in-state defendant."[11]  The removing party has the heavy burden of demonstrating the fraudulent joinder of the non-diverse defendant to defeat diversity jurisdiction.[12]

A removing party can satisfy the fraudulent-joinder test in two ways.  The first is a Rule 12(b)(6)-type analysis, in which the Court looks "initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[13]  The second is when a plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."[14]  The latter method allows the district court to, "in its discretion, pierce the pleadings and conduct a summary inquiry."[15]

The summary inquiry allows the Court to "consider summary judgment-type evidence such as affidavits and deposition testimony when reviewing a fraudulent joinder claim."[16]  With a summary inquiry, the Court does not seek to determine the plaintiff's "motive or purpose of the joinder."[17]  The Court instead seeks "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[18]  To conduct this summary inquiry, the Court may allow limited discovery "sharply tailored to the question at hand."[19]

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at 573.

[14] *Id.*

[15] *Id.*

[16] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (cleaned up).

[17] *Smallwood*, 385 F.3d at 574.

[18] *Id.* at 573–74.

[19] *Id.* at 574.

### III.  Analysis

#### a.  Procedural Defect

Defendants failed to attach a complete copy of the documents served upon them in the current action as required by the Federal Rules of Civil Procedure and Local Rules.  However, Fiberco expediently supplemented the missing documents.  Since Fiberco remedied this procedural error which does not affect jurisdiction, the Court **DENIES** Plaintiff's motion for removal on the basis of the procedural defect.

#### b.  Subject Matter Jurisdiction Defect

It is undisputed that Fiberco and Lloyds are not diverse, while Fiberco and Acadia are diverse.  Therefore, removal jurisdiction is proper only if Lloyds was improperly joined to the suit.

Here, the Court—in its discretion—determines that a summary inquiry is necessary to determine whether Fiberco properly joined Lloyds to this lawsuit. Defendants presented an affidavit stating that Lloyds neither issued nor underwrote the pertinent insurance policy.  Fiberco has not presented evidence of Lloyds' role in the controversy beyond stating that Lloyds underwrote the policy.[20]  To determine whether Fiberco has any possibility of recovery against Lloyds, the Court must conduct a summary inquiry regarding whether Lloyds underwrote the policy between Fiberco and Acadia.

For these reasons, the Court **DENIES** the motion to remand on procedural grounds because the defect is not jurisdictional and **ORDERS** the parties to submit

---

[20] Doc. No. 1-3 at 3.

a joint report detailing what limited discovery, if any, they need to sufficiently brief the Court whether Lloyds underwrote the insurance policy at issue. The joint report must be filed by Friday, December 9, 2022. After the parties submit this joint report, the Court will, by separate order, establish discovery limits and set a briefing schedule.

**IT IS SO ORDERED** this 7th day of November, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE