UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FIBERCO, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil Action No. 3:22-cv-0525-X |
| ACADIA INSURANCE COMPANY § | |
| and UNION STANDARD LLOYDS § | |
| d/b/a UNION STANDARD § | |
| INSURANCE GROUP, § | |
| § | |
| *Defendants*. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to deny attorney's fees to plaintiff Fiberco, Inc. (Fiberco) that defendants Acadia Insurance Co. (Acadia) and Union Standard Lloyds d/b/a Union Standard Insurance Group (Lloyds) filed [Doc. No. 16]. After careful consideration, and for the reasons explained below, the Court **DENIES** the defendants' motion.

### I.   Factual Background

A hailstorm damaged Fiberco's property in 2020. Fiberco sued Acadia (the party to its insurance agreement) and Lloyds (the underwriter).[1] Counsel for Fiberco sent a demand letter in October 2020 demanding $406,678.05 to settle its claim. That

---

[1] The defendants contend Lloyds was improperly joined (and this case belongs in federal court), and that argument is the subject of Fiberco's motion to remand. Doc. 11. The Court by separate order denied the motion in part and ordered the parties to notify the Court of what limited jurisdictional discovery they need to resolve Lloyds's role in underwriting the policy. Doc. 27.

1

demand letter also requested reasonable and necessary attorney's fees but did not demand a specific amount.

## II.   Legal Standards

Texas Insurance Code section 542A.003 requires that "not later than the 61st day before the date a claimant files an action . . . the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action."[2] The notice must include:

(1)  a statement of the acts or omissions giving rise to the claim;

(2)  the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3)  the amount of reasonable and necessary attorney's fees incurred by the claimant . . . .[3]

That presuit notice can come from "an attorney or other representative."[4]

The remedy for not sending a presuit notice with a specific monetary demand on the claim is that "the court may not award to the claimant any attorney's fees incurred after the date" the defendant files the motion to exclude fees.[5] Other violations of the law are remedied by abating the case if the plaintiff so requests.[6]

## III.   Analysis

The defendants argue that Fiberco's failure to specify an amount of attorney's fees in its demand letter bars it from recovering fees after the filing of the motion to

---

[2] Tex. Ins. Code § 542A.003(a).

[3] *Id.* § 542A.003(b).

[4] *Id.* § 542A.003(c).

[5] *Id.* § 542A.007(d).

[6] *Id.* § 542A.005.

preclude them. Fiberco thinks the defendants can't read the statute, which only bars recovery of fees when the demand letter fails to demand a specific amount on the claim (not a specific amount of fees). The Court agrees with Fiberco.

As addressed above, the notice must specify "the specific amount alleged to be owed by the insurer on the claim" under Section 542A.003(b)(2). Here, the demand letter indicated that $406,678.05 was owed on the claim. This is the only requirement Chapter 542A states will result in no further attorney's fees if violated.[7]

The question that remains is if there is any remedy for the fact that the demand letter did not specify the amount of fees at the time. But that violation of section 542A.003(d) doesn't trigger the remedy of excluding attorney's fees (which only is a remedy for violating the monetary demand in section 542.003(d)(2)). While there is no specific remedy for a violation of section 542A.003(b)(3), the chapter also allows for abatement as a remedy for an insurer not receiving "a presuit notice complying with Section 542A.003."[8] But abatement won't work here because the abatement section hinges on the plaintiff filing a plea in abatement, and Fiberco has not filed such a plea or requested an abatement when responding to the motion to exclude fees. As such, the Court finds abatement to not be an available remedy for

---

[7] Tex. Ins. Code § 542A.007(d) ("If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court.").

[8] *Id*. § 542A.005(a)(1).

Fiberco failing to specify what attorney's fees it sought at the time of its demand letter.

## IV.  Conclusion

For the foregoing reasons, the Court **DENIES** the defendants' motion to preclude Fiberco from recovering attorney's fees.

**IT IS SO ORDERED** this 7th day of December, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE