UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIBERCO, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-0525-x |
| | § | |
| ACADIA INSURANCE COMPANY | § | |
| and UNION STANDARD LLOYDS | § | |
| d/b/a UNION STANDARD | § | |
| INSURANCE GROUP, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Acadia Insurance Company's motions for reconsideration. (Docs. 77, 79). After careful consideration, the Court **DENIES** the motions.

## I. Background

This is an insurance coverage dispute. FiberCo's building was insured under a policy issued by Acadia effective from April 10, 2020 to April 10, 2021 (the "Policy").[1] In April 2020, the building suffered damage from a hailstorm while the Policy was in effect.[2] FiberCo filed a claim with Acadia for the hail damage to the building.[3] Acadia's engineer found at least seven places on the roof of the building with openings at seams of overlapping metal panels, reducing the water shedding capability of the

---

[1] Doc. 40-1 at 70.

[2] Doc. 40-1 at 3–4.

[3] Doc. 58-3.

1

roof in those areas, and additional hail dents.[4]   Acadia denied FiberCo's claim and explained that although the seven open seams were a covered loss, the dents to the roof were excluded by the Policy's cosmetic damage exclusion, and therefore the amount of the covered loss fell below the Policy's deductible amount.[5]   FiberCo filed suit.[6]

During discovery, FiberCo's expert, David Day, provided an expert report, concluding, in relevant part, that all of the building's metal roofing needed to be replaced due to the functional damage caused by hail and the wetted insulation needed to be replaced.[7]   Day also explained that the hail dents which have not opened seams will cause accelerated corrosion and reduce the useful life of the roof by 25%.[8]

Acadia filed a motion to strike the expert testimony of David Day because they object to Day's characterization of the dents as "functional" and to the scope and reasonableness of necessary repairs to FiberCo's building.[9]   Acadia also filed a motion for summary judgment.[10]   The Court denied the motion to strike[11] and denied in part the summary judgment motion.[12]

Now, Acadia filed the present motions asking the Court to reconsider these

---

[4] Doc. 58-18.

[5] Doc. 58-16.

[6] Doc. 1-3.

[7] Doc. 55-2 at 5.

[8] Doc. 61-1 at 313–319, 326, 350–353, 402–404 & 440–441.

[9] Doc. 53.

[10] Doc. 56.

[11] Doc. 73.

[12] Doc. 74.

prior rulings.[13]  They contend that Day's opinions that the hail dents will reduce the lifespan of the roof are not based on reliable facts or data, are not the product of reliable scientific principles and methods, and he did not apply any reliable principles and methods to the facts of the case.[14]

## II. Legal Standard

Rule 59(e) "gives a district court the chance to rectify its own mistakes in the period immediately following its decision."[15]  "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[16] So, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[17]

## III. Analysis

The Court has already considered, and rejected, Acadia's argument.  And the motions for reconsideration do not provide any new information that changes the Court's decision or establish the Court's manifest error.  Acadia's argument seeking to strike Day is essentially this: FiberCo does not provide support for Day's opinion that the hail dents in the roof will cause accelerated corrosion, microfractures, and

---

[13] Docs. 77, 79.

[14] Doc. 80.

[15] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (cleaned up).

[16] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (cleaned up).

[17] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

negative effects on the roof's structural integrity.  But the idea that hail damage will reduce a roof's lifespan is certainly not novel.  So the Court rejected Acadia's *Daubert* challenge and determined that Day's opinions were admissible under Rule 702.  And there is no basis for the Court to reconsider that decision.

### IV. Conclusion

The Court **DENIES** Acadia's motions for reconsideration.  (Docs. 77, 79).  The parties briefing also discusses whether Acadia may depose Van de Wiele.  If the parties agree to allow Acadia to depose Van de Wiele, the Court is fine with that.  But the deadline for summary judgment motions has passed and the Court will not allow additional summary judgment motions.

**IT IS SO ORDERED** this 15th day of April, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE